# CIRCUIT COURT OF THE CITY OF RICHMOND

Sam Liniado
and Eli Liniado

v.

Sean Jefferson

August 13, 1997

Case No. LB-2339-4

BY JUDGE RANDALL G. JOHNSON

The above-referenced case was called for trial on Monday, August 11, 1997. Plaintiffs were present and ready for trial, as was their lawyer, Mr. Elliott B. Bender. Defendant did not appear. On plaintiffs' motion, the judgment of the court entered January 8, 1997, in favor of plaintiffs in the amount of $9,907, and which was set aside by order entered May 6, 1997, was reinstated. Plaintiffs also requested sanctions against defendant in the form of attorney's fees. That motion was also granted. The purpose of this letter is to set forth the reasons for the court's actions and to set the amount of attorney's fees and other sanctions.

This is an appeal from a judgment of the general district court entered on August 16, 1996. The warrant in that court was filed on January 23, 1996. It was the testimony in this court of Eli Liniado, one of the plaintiffs, that defendant made it a practice in the district court to miss hearings and then to claim that he had no notice of the hearings, even though notices had been given. In fact, Mr. Liniado stated that defendant had missed hearings not only in the civil case but also in a criminal case which arose out of the facts involved in the civil case. The court also notes from the papers from the district court, which are now a part of the record in this court, that the district court initially entered judgment against defendant on April 22, 1996. That judgment was set aside, however, on defendant's motion based on his argument that he was told that all he would be required to do on April 22 would be to request pleadings, and that he was surprised when the court, in

which a substitute judge was then sitting, conducted a trial. When the case was tried a second time in district court, judgment was again entered in favor of plaintiffs, but for a lesser amount. Plaintiffs appealed.

On January 8, 1997, the trial date in this court, defendant did not appear, and judgment was entered against him. He later filed a written motion to set that judgment aside on the ground that he had no notice of the appeal or trial date and at the hearing on the motion testified that he no longer lived at the address where the notice of appeal and notice of trial date were served. In spite of plaintiffs' vigorous argument against that motion, as well as Eli Liniado's testimony that defendant *did* live at the stated address and was improperly trying to frustrate plaintiffs' efforts to obtain a judgment, the court set aside its judgment and set August 11, 1997, as the new trial date. As already noted, defendant again failed to appear. In the meantime, plaintiffs have hired a lawyer to prepare their case for trial and to represent them at trial.

Va. Code § 8.01-271.1 prohibits a lawyer or party from filing a written motion "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If a lawyer or party violates that prohibition, "the court, upon motion or upon its own initiative, *shall* impose upon the person who ... made the motion ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the ... motion, including a reasonable attorney's fee." Emphasis added. A sanction is mandated here.

From the history of this case in this court and in the general district court, culminating in defendant's failure to appear for trial on August 11, it is clear that his motion to set aside the January judgment was not made in good faith but was made solely to further delay plaintiffs' recovery. While the court cannot impose a sanction for defendant's actions in the district court — indeed, the fact that a smaller judgment was entered at the second district court trial is a strong indication that sanctions are not appropriate for his actions there — the court can impose a sanction for his actions here. But for those actions, plaintiffs would not have hired a lawyer or been inconvenienced by two more court appearances after January 8. While such inconvenience was minimal, the attorney's fees are not.

Plaintiffs' counsel has submitted a bill for his services to plaintiffs for $1,562.50. Part of that bill, however, is for the trial that was supposed to take place on August 11. A charge of $500 is shown, representing a four-hour trial. Actually, the hearing lasted about five minutes. Also, the entry for August 7, 1997, contains a mathematical error. The total shown is $312.50. The correct

amount is $287.50 (2.3 hours times $125/hr.). Based on counsel's bill as corrected, and on the other factors set out above, the court concludes that an attorney's fee of $1,000 is appropriate, and defendant will be ordered to pay that amount. Defendant will also be ordered to pay plaintiffs $100 each for their inconvenience in appearing at the hearing on defendant's motion to set aside the January 8 judgment and for appearing for trial on August 11.